IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF ALEXANDRIA HEADD, Deceased, by Personal Representative VEVKE ANTHONY HEAD, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: ___:22-cv-00315 |
| DAVID M. JONES and ERA TRANSPORT, INC., | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

The Defendants, David M. Jones ("Defendant Jones") and ERA Transport, Inc. ("Defendant ERA Transport"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and state the following in support of it:

1. On or about June 27, 2022, the Plaintiff, Estate of Alexandria Headd, Deceased, by Personal Representative Vevke Anthony Head, filed a Complaint in the Lake County (Indiana) Superior Court, Civil Division 6, styled *Estate of Alexandria Headd, Deceased, by Personal Representative Vevke Anthony Headd*, Cause No. 45D10-2206-CT-000601, asserting a wrongful-death claim arising out of a May 18, 2022 motor vehicle accident within Lake County, Indiana. Pursuant to 28 U.S.C. § 1446(a), copies of the Plaintiff's Complaint and summonses are attached as Exhibit A to this Notice of Removal. The Defendants have also attached as Exhibit B a copy of the current State Court docket sheet and all other filings to date in the state-court action.

2. Defendant ERA Transport received service of an alias summons and copy of the Plaintiff's Complaint on August 15, 2022. After an enlargement of both Defendant's

responsive-pleading deadline was obtained, a timely *Answer and Affirmative Defenses to the Plaintiff's Complaint and Jury Demand* (a copy of which is included within Exhibit B) was filed on October 3, 2022 with the Lake Superior Court.

3. The Plaintiff's Decedent was a resident and citizen of, and was domiciled in, the State of Indiana at the time of her death, which means that her personal representative is a citizen of the State of Indiana. *See* 28 U.S.C. § 1332(c)(2).

4. Defendant Jones is a resident and citizen of, and is domiciled in, the State of Illinois.

5. Defendant ERA Transport is an Illinois corporation with its principal place of business located in Cook County, Illinois. As such, Defendant ERA Transport is a citizen of the State of Illinois.

6. Because the Plaintiff (an Indiana citizen) and the Defendants (citizens of Illinois) are citizens of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

7. The Plaintiff's Complaint, in accordance with the applicable state-court rules and requirements, did not include or demand any specific dollar amount or figure in its prayer for relief. On October 20, 2022, however, the Plaintiff's counsel communicated to undersigned counsel a written settlement demand for an amount that exceeds $75,000.00. Accordingly, the Defendants now have a reasonable basis to believe that the amount in controversy exceeds the jurisdictional threshold of $75,000.00 and this *Notice of Removal* is timely pursuant to 28 U.S.C. § 1446(b)(3) because the October 20, 2022 settlement-demand correspondence represented a "paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3).

8. This Court possesses original jurisdiction over the underlying state court civil action pursuant to 28 U.S.C. § 1332. The Defendants may thus remove this action pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

9. The Defendants have completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c), including filing copies of all process and pleadings served upon it in this action with this Notice of Removal. Moreover, upon receipt of an ECF Notice from this Court, the Defendants will provide written notice of this Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the Lake County Circuit/Superior Court.

10. If the Plaintiff challenges this *Notice of Removal* and the Court's subject-matter jurisdiction, the Defendants reserve the right to file appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006).

**WHEREFORE**, for the foregoing reasons, the Defendants respectfully request that this Honorable Court accept removal and subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**
2901 Carlson Drive, Suite 311
Hammond, IN 46323
(219) 663-3011
(219) 663-1049 (fax)
twells@reminger.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2022, a true and complete copy of the above and foregoing was served in accordance with Fed.R.Civ.P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

David S. Gladish
Mark J. Schocke
GLADISH LAW GROUP
3245 45th Street
Highland, IN 46322
david@davidgladish.com
mark@davidgladish.com
*Counsel for the Plaintiff*

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**